**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-60736
(Summary Calendar)
_____

FRANCISCO GRACIA-LEDESMA,

Petitioner,

versus

IMMIGRATION AND NATURALIZATION
SERVICE,

Respondent.

_____

Appeal from United States District Court
for the Northern District of Texas
(A17 941 893)

_____

August 7, 1996

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

After Gracia-Ledesma, a native citizen of Mexico, pled guilty to knowingly investing $20,800

in a scheme to possess more than 50 pounds of marijuana, the Immigration and Naturalization Service

(INS) initiated deportation proceedings. Gracia-Ledesma conceded deportability and moved for a

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

waiver of deportation under §212(c) of the Immigration and Nationality Act. The Immigration Judge denied the waiver, and that decision was affirmed by the Board of Immigration Appeals. Gracia-Ledesma was granted a stay of deportation pending review and now appeals.

Pending this appeal, the President signed into law the "Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) on April 24, 1996. Section 440 of that act eliminates judicial review of any final deportation order against an alien who is deportable by reason of having committed any one of a number of certain enumerated offenses. 8 U.S.C. §1105(a)(a)(10). Those offenses include, among others, any aggravated felony conviction, 8 U.S.C. § 1251(a)(2)(iii) or any controlled substances conviction, 8 U.S.C. §1251(a)(2)(B).

This court has recently held that Section 440 is presumed to retroactively bar judicial review of a pending appeal from a BIA decision denying §212(c) discretionary relief unless the petitioner shows that one or more of his substantive rights is curtailed by the jurisdictional bar. *See Mendez-Rosas v. I.N.S.*, __ F.3d __, 1996 WL 350716 at *4319 (5th Cir. June 26, 1996). Where a petitioner's sole ground of appeal is the allegation that the BIA abused its discretion in determining that the petitioner did not merit a favorable exercise of discretionary relief under §212(c), he has not shown that his substantive rights have been curtailed, and has not rebutted the presumption that judicial review is retroactively barred. *See id*.

Gracia-Ledesma does not challenge the fact that he is an alien properly found deportable by reason of his conviction relating to a controlled substance under 8 U.S.C. §1251(a)(1)(B), and his sole ground of appeal is the allegation that the BIA abused its discretion in determining that he did not merit a favorable exercise of discretionary relief under §212(c). We therefore find that §440(a)

of the AEDPA applies retroactively to Gracia-Ledesma's pending appeal and we must DISMISS for

lack of subject matter jurisdiction.